O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUSAN LINES, | ) | Case No. CV 15-06156 DDP (PJWx) |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND VACATING AS MOOT DEFENDANTS' MOTION TO DISMISS** |
| v. | ) | |
| BANK OF AMERICA, NATIONAL ASSOCIATION, FIA CARD SERVICES, N.A., | ) | [Dkt. Nos. 10 and 8] |
| Defendants. | ) | |

Presently before the Court are Plaintiff Susan Lines's Motion for Order Remanding Removed Action to State Court and Defendants' Motion to Dismiss Plaintiff's Complaint. Having considered the parties' submissions, the Court adopts the following order.

**I.　BACKGROUND**

Plaintiff Susan Lines ("Lines") brought a consumer protection suit against Defendants Bank of America, National Association ("BOA") and FIA Card Services, N.A. ("FIA") in California Superior Court. (See Notice of Removal, Ex. 1 .) Plaintiff alleged in her complaint that in 1986, William Lines (Plaintiff's former husband) opened a credit card account that was eventually transferred to BOA

and FIA. (Id. at 4-5.) Plaintiff found that the account was "being reported on her consumer credit reports" even though she had never been an account holder or authorized anyone to open an account in her name. (Id.) Plaintiff tried to communicate to Defendants that she should not be responsible for any collections connected to the account and that the account should not be on her credit reports, but Defendants "told plaintiff that she was responsible for the [account] because her name appeared on their records." (Id. at 5.) Plaintiff alleges that she has suffered "damage to her credit rating, loss of credit, [and] loss of the ability to purchase and to benefit from credit." (Id. at 6.)

Plaintiff filed her suit on July 13, 2015. On August 13, 2015, Defendants filed a Notice of Removal to bring the case to this Court. (Dkt. No. 1, Notice of Removal.) Defendants removed on the basis of federal question jurisdiction because Plaintiff alleged violations of the federal Truth in Lending Act and Fair Credit Reporting Act in addition to state consumer protection laws. (Id.)

On August 20, 2015, Defendants filed a Motion to Dismiss, arguing that Plaintiff's claims are variously time barred, preempted, and without standing. (Defs.' Mot. Dismiss.) On August 28, 2015, Plaintiff filed a Motion to Remand the case back to the California Superior Court. (Pl.'s Mot. Remand.)

**II. LEGAL STANDARD**

    **A. Motion to Remand**

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). There is a "strong presumption"

2

against removal and the Defendant has the burden of establishing that removal is proper by a preponderance of evidence. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992); <u>Morrison v. Zangpo</u>, No. C-08-1945 EMC, 2008 WL 2948696, at *1 (N.D. Cal. July 28, 2008). A defendant has thirty days in which to remove the case after receiving, "through service or otherwise, . . . a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Likewise, a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

    **B.  Motion to Dismiss**

A 12(b)(6) motion to dismiss requires a court to determine the sufficiency of the plaintiff's complaint and whether it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. <u>See</u> <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001), <u>amended on denial of reh'g</u>, 275 F.3d 1187 (9th Cir. 2001); <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998).

In order to survive a 12(b)(6) motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (quoting <u>Bell Atl.</u>

1  Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  However,
2  "[t]hreadbare recitals of the elements of a cause of action,
3  supported by mere conclusory statements, do not suffice."  Id. at
4  678.  Dismissal is proper if the complaint "lacks a cognizable
5  legal theory or sufficient facts to support a cognizable legal
6  theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097,
7  1104 (9th Cir. 2008); see also Twombly, 550 U.S. at 561-63
8  (dismissal for failure to state a claim does not require the
9  appearance, beyond a doubt, that the plaintiff can prove "no set of
10 facts" in support of its claim that would entitle it to relief).  A
11 complaint does not suffice "if it tenders 'naked assertion[s]'
12 devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678
13 (quoting Twombly, 550 U.S. at 556).  "A claim has facial
14 plausibility when the plaintiff pleads factual content that allows
15 the court to draw the reasonable inference that the defendant is
16 liable for the misconduct alleged."  Id.  The Court need not accept
17 as true "legal conclusions merely because they are cast in the form
18 of factual allegations."  Warren v. Fox Family Worldwide, Inc., 328
19 F.3d 1136, 1139 (9th Cir. 2003).

**III. DISCUSSION**

    **A.  Motion to Remand**

Plaintiff has filed a Motion to Remand the case back to the California Superior Court.  She argues that Defendant BOA's Notice of Removal was filed thirty-one days after receiving service of summons and the complaint, thus making the removal untimely and improper.  (Pl.'s Mot. Remand at 7-10.)  Defendants respond that the removal was timely because Plaintiff sent an email to Defendant BOA stating that Plaintiff had served Defendant FIA on July 23,

4

2015, which means that filing for removal on August 13, 2015, was within the thirty-day window for FIA. (Defs.' Opp'n Mot. Remand at 2-3.) Plaintiff responds that Defendant FIA is no longer a separate legal entity because on October 1, 2014, FIA merged into BOA. (Pl.'s Reply at 4-6.) Plaintiff argues that this means FIA cannot sue or be sued, much less be served with a complaint or file a notice of removal. (Id. at 4-7.)

Plaintiff is correct that the thirty-day time limit of 28 U.S.C. § 1446 is strictly construed. See Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013)("For good reason, § 1446(b)(1) and (b)(3) place strict limits on a defendant who is put on notice of removability by a plaintiff."). It is also true that if BOA filed the Notice of Removal on August 13, 2015, then BOA filed on the thirty-first day after receiving service of the summons and complaint based on the time computation of Federal Rule of Civil Procedure 6. Thus, the key question is whether FIA could or did file the Notice of Removal, which would be timely as FIA would be a later-noticed defendant. See Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011).

In Defendants' Motion to Dismiss, Defendants noted that "[e]ffective October 1, 2014, FIA Card Services, N.A. has merged with and into Bank of America, N.A." (Defs.' Mot. Dismiss at 1 n.1.) After the Motion to Dismiss was filed, Plaintiff filed her Motion to Remand this case. As Plaintiff's attorney explained, his belief that FIA was still an active party and had been served with the summons and complaint "was in error." (Pl.'s Reply, Decl. Richard Scott Lysle ¶ 3.) It seems that Defendants' Motion to Dismiss put Plaintiff's counsel on notice of his error: he states

that after he tried to serve FIA, he "ha[d] since been informed" and "accept[ed] Bank of America's representation" that FIA was merged "out of existence" into BOA. (See id. at ¶¶ 3-4.)

Defendants' evidence of FIA's service is an almost entirely redacted email from Plaintiff's attorney stating that "co-defendant F.I.A. Card Services, N.A. was served with Summons, Complaint and other papers on July 23, 2015." (Defs.' Opp'n, Decl. Of Judith T. Sethna Ex. A.) Defendants' counsel declares that "[b]ased on Mr. Lysle's email, FIA removed this action on August 13, 2015" but that "[t]o date, FIA has been unable to locate a copy of the Summons, Complaint served by Plaintiff." (Id. ¶ 3-4.) However, the receiver to which Plaintiff's attorney sent the complaint for FIA told Plaintiff's counsel that the receiver "did not have the legal capacity to accept [certified mail] on behalf of a no-longer extant entity." (Id. ¶ 5.) Plaintiff now contends that FIA "does not have the legal capacity to appear as a litigant" and "does not have the legal capacity to file a Notice of Removal on its own behalf." (Pl.'s Reply at 7.)

Based on BOA's representations to this Court, it appears that Plaintiff is correct and that FIA is no longer a separate legal entity and did not file the Notice of Removal. In the Defendants' Notice of Removal, the attorney caption states: "Attorneys for Defendant Bank of America, N.A., **for itself and as successor by merger to FIA** Card Services, N.A." (Notice of Removal.) The same phrase is repeated in the motion itself: "Please take notice that **Defendant Bank of America**, N.A., **for itself and as successor by merger to FIA** Card Services, N.A. ("BANA"), **hereby removes** the action described below . . . ." (Id. at 2.) Thereafter, all

6

references to the "defendants" are to a singular "BANA" in both the Notice of Removal and the Motion to Dismiss.

And even if FIA were to exist as a separate party, there is no indication that FIA did not also have notice of the complaint at the same time BOA did on July 13, 2015, as BOA is the successor by merger for FIA.  There is also no indication that FIA needed to — or did — consent to BOA's filing of the Notice of Removal.  Most telling is the footnote in the Motion to Dismiss stating that FIA "merged with and into" BOA and the dropping of all further reference to FIA.  (Defs.' Mot. Dismiss at 1 n.1.)  Altogether, these representations indicate that FIA did not file the Notice of Removal and is not a separate legal entity who was served at a later date.  Therefore, the Notice of Removal is untimely as it was filed after the thirty-day time limit for removing a case.

**B.   Attorney's Fees**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has interpreted this statutory section to warrant attorney's fee awards "only where the removing party lacked an objectively reasonable basis for seeking removal" unless "unusual circumstances" provide a basis for deviating from the general rule. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Grants of attorney's fees are discretionary, but are to be guided by the principles underlying § 1447(c): to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party."  (Id. at 140.)

Here, Plaintiff has not provided any argument or facts showing that Defendants' Notice of Removal was filed with the purpose of delaying litigation or imposing costs. (See Pl.'s Mot. Remand at 12-13.) Further, absent the untimeliness of the Notice of Removal, there is a legitimate legal ground for removal under 28 U.S.C. § 1441 because Plaintiff's federal law claims could have originally been brought in federal court. Therefore, the Court finds that the purposes for awarding attorney's fees under § 1447(c) are not present here and Plaintiff's request for attorney's fees is denied.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Remand is GRANTED in part as to the remand and DENIED in part as to the attorney's fees. Because the Court lacks jurisdiction to hear it, the Defendants' Motion to Dismiss is VACATED as moot. (Dkt. No. 8.)

IT IS SO ORDERED.

Dated: September 28, 2015

DEAN D. PREGERSON
United States District Judge